UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES LEE MOORE, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | Case No. 5:14-cv-00326-RBP-HGD |
| ) | |
| TRINITY MUNICIPAL COURT, ) | |
| et al., ) | |
| ) | |
| Respondents ) | |

## REPORT AND RECOMMENDATION

Petitioner, James Lee Moore, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asks the court to "find out why my rights have been violated and release me from jail on this matter, and award me any relief deemed just." (Doc. 1, Petition, at 5).

Petitioner alleges that he was arrested on January 11, 2014, for failure to pay on a fine levied in Trinity Municipal Court. He is currently incarcerated in the Morgan County Jail. He alleges that he has been denied his Fifth Amendment right to due process. He states that he filed a *pro se* motion requesting a hearing, but the motion was denied. He further states that he was in municipal court waiting on the

judge when the Decatur City Police arrested him on an outstanding warrant, and he never received a new court date.

## DISCUSSION

Rule 4 of the *Rules Governing § 2254 Cases* allows a habeas corpus petition to be dismissed summarily by a district court if it plainly appears from the face of the petition that the petitioner is not entitled to any relief.

Federal courts will abstain from interfering in pending state criminal prosecutions except under extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973) ("[N]othing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in Federal court."); *Smith v. Price*, 2010 WL 749352, *2 (M.D.Ala. Mar. 3, 2010); *Malone v. Kentucky*, 2008 WL 5109747, *1 (W.D.Ky. Dec. 2, 2008). This abstention doctrine assures state courts an opportunity to consider claims before they will be considered by the federal courts. Further, before a petitioner may maintain a federal habeas corpus action, he must first exhaust all available state remedies. *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982). The doctrine of comity requires that

the State of Alabama be afforded the opportunity to consider an alleged error before federal habeas corpus relief is sought.

It appears that petitioner has not exhausted available state remedies with respect to his assertions. While he asserts he has filed one motion requesting a hearing, which was denied, he has other state remedies available. Petitioner may file a state habeas corpus petition seeking a speedy trial and appeal if the petition is denied. *See Williams v. State*, 511 So.2d 265 (Ala.Crim.App. 1987); *Blake v. State*, 448 So.2d 968 (Ala.Crim.App. 1984). He also may file a petition for writ of mandamus raising the speedy trial claim with the Alabama Court of Criminal Appeals or Supreme Court of Alabama. *See Ex parte Anderson*, 979 So.2d 777 (Ala. 2007).

Accordingly, it is RECOMMENDED that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE to allow petitioner to pursue available state remedies.

### NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Any objections to the failure of the magistrate judge to address any contention raised in the complaint or petition also must be included. Failure to do so will bar any later challenge or review of the factual findings or legal

conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. Objections not meeting this specificity requirement will not be considered by a district judge. IT IS NOT NECESSARY FOR PLAINTIFF OR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF OR PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS. HE ALSO SHOULD OBJECT TO ANY FACTS NOT INCLUDED IN THE REPORT AND RECOMMENDATION WHICH HE CONTENDS SHOULD HAVE BEEN INCLUDED. THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 8th day of April, 2014.

*[signature]*
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE